**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
                                                            :

**JUAN A. RODRIGUEZ a/k/a ERIC** :
**FONTANEZ,** :

                 **Plaintiff,** :

       -against- : **REPORT AND RECOMMENDATION**
                                            : **05 Civ. 9185 (SCR)(MDF)**

**ALESSI, JOHN SGT.; RESPONSE TEAM** :
**OFFICER CRAIG DOWE; RESPONSE TEAM** :
**WILLIAM GIBSON; RESPONSE TEAM CERT** :
**JOHN MERRIT,** :

                 **Defendants.** :
------------------------------------X

**TO:   THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.**

     In this action, Plaintiff Juan Rodriguez seeks relief, pursuant to 42 U.S.C. § 1983, for injuries allegedly sustained during his incarceration at the Dutchess County Jail ("DCJ"). Specifically, Plaintiff alleges that, on June 5, 2005, during a cell extraction, the Defendants violated his right to be free from excessive uses of force. On September 25, 2006, Rodriguez filed a motion for summary judgment. Shortly thereafter, on October 5, 2006, Rodriguez filed a second summary judgment motion. Subsequently, the defendants filed a summary judgment motion seeking dismissal of Plaintiff's complaint in its entirety. For the reasons set forth below, it is respectfully recommended that Rodriguez's motions be denied and the Defendants' motion be granted.

1

## BACKGROUND

In his complaint, Plaintiff alleges that, on June 5, 2005, while incarcerated at DCJ, he was denied a visit with his mother. *See* Compl. Plaintiff states that he "hallucinated over the situation because his privil[e]ge for visitation was terminated without explanation." *Id*. Apparently, the Corrections Emergency Response Team ("CERT") was then called to Plaintiff's cell. *See id*. Plaintiff asserts that he did not let the CERT officers into his cell "because of the force of threats." *Id*. He claims that the officers then used pepper spray and a taser gun to restrain him, opened his cell, and, pursuant to the order of Sergeant Alessi, "attacked" Plaintiff. *Id*. According to Plaintiff, after the assault, he was unconscious and suffered injury to the left side of his head and rib cage.

In support of their motion for summary judgment, the Defendants provide the following version of events. On June 5, 2005, Plaintiff was under suicide watch and required constant supervision by DCJ personnel. *See* Statement of Facts Pursuant to Local Rule 56.1 ("Rule 56.1 Statement") at ¶ 2; Affirmation in Support of Motion for Summary Judgment ("Supporting Aff.") at Ex. E (Trans. of Plaintiff's Depo.), p. 70. Just before the alleged incident, "Plaintiff 'flipped out' and became 'upset' and was screaming over the 'termination of a visit.'" Rule 56.1 Statement at ¶ 3 (quoting Trans. of Plaintiff's Depo. at p. 67

and Compl.).  Officer Bush, who was assigned to constant supervision of Plaintiff, reported to Sergeant Alessi that Plaintiff had made several threats against him.  *See id*. at ¶ 4; Supporting Aff. at Ex. F (Affidavit of Sergeant John Alessi), ¶ 4.

Sergeant Alessi responded to Plaintiff's housing unit with members of the CERT and decided to move Plaintiff to a cell with a solid door for the safety of the officers and to maintain discipline and order.  *See* Rule 56.1 Statement at ¶ 5; Supporting Aff. at F, ¶¶ 5-6.  Plaintiff refused to comply with Sergeant Alessi's repeated order that he lay face down on his bunk so that the officers could enter his cell and restrain him.  *See* Rule 56.1 Statement at ¶ 6; Supporting Aff. at Ex. F, ¶ 7.  He remained standing in front of his cell door.  *See* Rule 56.1 Statement at ¶ 6; Supporting Aff. at Ex. F, ¶ 7.  Sergeant Alessi then ordered the CERT officers to retrieve their cell extraction equipment.  *See* Rule 56.1 Statement at ¶ 7; Supporting Aff. at Ex. F, ¶ 8.  While they did so, Plaintiff continued to be disruptive and ignore orders.  *See* Rule 56.1 Statement at ¶ 7; Supporting Aff. at Ex. F, ¶ 9.

When the CERT members returned, Plaintiff jammed his mattress through the slot in the cell's door and positioned himself on the mattress to prevent the officers from opening the door.  *See* Rule 56.1 Statement at ¶ 8; Supporting Aff. at Ex. F,

¶ 10. The officers continued to order Plaintiff to release the mattress and Plaintiff refused to comply. *See* Rule 56.1 Statement at ¶ 9; Supporting Aff. at Ex. F, ¶ 11. Using his baton, Officer George unsuccessfully attempted to break Plaintiff's grasp. *See* Rule 56.1 Statement at ¶ 10; Supporting Aff. at Ex. F, ¶ 11. Another officer tried to use his stun gun to break Plaintiff's grip, but was unable to reach Plaintiff. *See* Rule 56.1 Statement at ¶ 11; Supporting Aff. at Ex. F, ¶ 11. Officer Price warned Plaintiff that, if he continued to refuse the officers' orders, chemical agents would be used. *See* Rule 56.1 Statement at ¶ 8; Supporting Aff. at Ex. F, ¶ 12. Officer Price then sprayed, for approximately one second, a burst of oleoresin capsicum in the area of Plaintiff's face, which caused him to release his grip. *See* Rule 56.1 Statement at ¶ 13; Supporting Aff. at Ex. F, ¶ 13. After the officers removed the mattress and opened the cell, Officers Craig Gibson and William Gibson entered the cell and, with their stun shield, moved Plaintiff to the back of the cell, restrained him, and moved him to another cell. *See* Rule 56.1 Statement at ¶¶ 13-14; Supporting Aff. at Ex. F, ¶ 14. Plaintiff was later taken to St. Francis Hospital where he received stitches for a cut above his left eye. *See* Rule 56.1 Statement at ¶ 15; Supporting Aff. at Ex. F, ¶ 14. A videotape of the incident taken from the time the CERT members had obtained their extraction equipment confirms the Defendants'

4

version of events. *See* Supporting Aff. at Ex. D (videotape).

In his affirmation in support of his first motion for summary judgment,[1] Plaintiff asserts that he is entitled to summary judgment for the following reasons:

> 1. Plaintiff has supported cases herein action with the exhibit's annex to complaint as fact of the factual insidents that occur upon malice(s) from the defendant(s) maliciously and further found upon discovery herein cases.
>
> 2. Plaintiff has attempt to settle matter in good faith by contacting the oppose partie(s) of record to settle matter's as there is no need for a trial as this case is supported with all evident/evidence of all insidents occured [sic].

Plaintiff's Motion for Summary Judgment dated September 10, 2006. Plaintiff attaches no exhibits to this motion. In his affirmation supporting his second summary judgment motion, the only statement Plaintiff makes with respect to the complaint in this case is as follows:

> Plaintiff asserts that on 6.5.06 he was assaulted by Defendants of Docket No. 05CV9185, moreover, spay with pepper and further as indicated in complaint and supported by discovery/medical records of fact injurys and should also be entitle to settlement on behave of plaintiff in good faith upon the legal limit as just [sic].

Plaintiff's Motion for Summary Judgment dated October 1, 2006.

---

[1] On both of his summary judgment motions, Plaintiff lists the instant case and two other cases he has pending before this Court – *Rodriguez v. Dutchess Co. Jail*, No. 05-cv-7373, and *Rodriguez v. Dutchess Co. Jail Med. Dep't*, No. 05-cv-9186. This Report and Recommendation discusses only those portions of the summary judgment motions related to the claims raised in this case.

5

Plaintiff attaches numerous exhibits to his second motion. The medical records included in the attachments confirm that, after the June 5, 2005 incident, Plaintiff received three stitches for a 1.5 centimeter laceration above his left eye. *See id*. at attached medical records. They also reveal that Plaintiff complained of pain in his left side, but received no treatment for it, and suffered from and "undetermined loss of consciousness." *Id*. Plaintiff also attached as exhibits to his motion the June 5, 2005 incident reports of Sergeant Alessi, Officer Bush, Officer Merritt, Officer Price, Officer Gibson, and Officer George. *See id*. at attached incident reports. These reports are consistent with the facts as set forth by Sergeant Alessi in his affidavit and by the Defendants in their Rule 56.1 Statement. The Defendants submitted an opposition, dated September 26, 2006, to Plaintiff's first motion.

On October 30, 2006, Defendants filed a motion for summary judgment. Along with their motion, Defendants served on Plaintiff a notice advising him how to respond to a motion for summary judgment and the consequences of failing to properly respond, as required by Local Rule 56.2. *See* Notice to Pro Se Litigant Opposing Motion for Summary Judgment. Defendants argue that Plaintiff is unable to demonstrate the existence of a genuine issue of material fact as to whether the Defendants' actions were reasonable and necessary to maintain order and

6

discipline. *See* Defendants' Memo. of Law at 5-6. They note that, at his deposition, Plaintiff admitted to "hallucinating" and "flipping out" and that he was yelling at the guard on duty and threatening him. *Id*. They further argue that, in light of Plaintiff's threatening and unruly behavior, Defendants' use of a minimal amount of a chemical agent and the use of a stun shield to restrain Plaintiff cannot objectively be seen as repugnant to the conscience. *See id*. at 7-8. Defendants' also contend that the minimal injury sustained by Plaintiff – a cut to the forehead – is further evidence that their actions were not excessive.

## ANALYSIS

### I.    Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (emphasis in original).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. at 248.  In order for there to be a genuine issue for trial, there must be sufficient evidence in the record to support a jury verdict in the non-moving party's favor. *See id*. at 249.  When making a summary judgment determination, "the court must view the evidence in the record in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor."  *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 466 (2d Cir. 2001).

In opposing a motion for summary judgment, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  Mere conclusory allegations and denials are insufficient to create a genuine issue of fact; rather, the opposing party must set forth "concrete particulars" showing that a trial is necessary. *BellSouth Telecommunications, Inc. v. W.R. Grace & Company-Conn.*, 77 F.3d 603, 615 (2d Cir. 1996)(internal quotations omitted).

## II. **Excessive Force**

Inmates enjoy protection against the use of excessive force pursuant to the Eight Amendment's prohibition against cruel and

unusual punishment.  *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  The Eighth Amendment precludes the "unnecessary and wanton infliction of pain."  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  To succeed on a claim of excessive force under the Eighth Amendment, a plaintiff must establish a subjective and an objective element.  *Griffin v. Crippen*, 193 F.3d 89, 91 (2d Cir. 1999).

To meet the objective requirement, "the injury actually inflicted must be sufficiently serious to warrant Eighth Amendment protection."  *Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999).  This element is "context specific" and "turn[s] upon contemporary standards of decency."  *Id*. at 263 (internal quotation marks and citations omitted).  However, even if an inmate does not suffer a sufficiently serious injury, when prison officials maliciously use force to cause harm, the inmate's Eighth Amendment rights are violated.  *See Griffin*, 193 F.3d at 91.

To satisfy the subjective element of an Eighth Amendment excessive force claim, the plaintiff must show that "the defendants had a 'wanton' state of mind when they were engaging in the alleged misconduct."  *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994)(quoting *Hudson*, 503 U.S. at 7).  "The 'wantonness' inquiry turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

sadistically to cause harm.'" *Blyden*, 186 F.3d at 262 (quoting *Hudson*, 503 U.S. at 7). In making this determination, the Court should consider "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

The record reveals that, after the incident, Plaintiff received three stitches for a laceration above his left eye and complained of pain in his side. It also indicates that Plaintiff temporarily lost consciousness after the incident. While these injuries seem minor, this Court has held that "'[m]inor' injuries suffice for an Eighth Amendment claim, and bruising or equivalent injuries may be found by a reasonable fact-finder to constitute minor rather than *de minimis* harm." *McCrory v. Belden*, No. 01 Civ. 0525, 2003 WL 22271192, at *6 (S.D.N.Y. Mar. 22, 2004). For example, in *Miner v. Ramsey*, this Court found that a wrist that was bruised and swollen and required x-rays, was not, as a matter of law, a *de minimus* injury. No. 99 Civ. 11661, 2001 WL 540746, at *2 (S.D.N.Y. May 22, 2001). The Court, therefore, held that the question of whether the injury was "sufficiently serious" to satisfy the objective component of an Eighth Amendment claim should go to the jury. *Id*. Plaintiff's injuries, which required

10

a trip to the hospital and stitches, are arguably more than *de minimus*.

Whether these injuries rise to the level of seriousness required to make out an Eighth Amendment claim, however, depends on the circumstances under which the officials inflicted them. The Defendants have submitted evidence to show that Plaintiff was acting in a threatening and unruly manner and was continually defying the guards' repeated orders. Officer Bush, who was assigned to constant supervision of Plaintiff, submitted an incident report, which Plaintiff attached to his second summary judgment motion, stating that, on the afternoon of June 5, 2005, he called Sergeant Alessi to Plaintiff's housing unit because Plaintiff had been threatening to destroy Bush's property upon his release, threatening Bush with physical injury, and threatening to throw urine soaked toilet paper at Bush. *See* Plaintiff's Motion for Summary Judgment dated October 1, 2006 at attached Incident Report of C.O. Bush. Plaintiff concedes that, during the incident, he refused to comply with the guards' orders. At his deposition, he testified that, because his visit with his mother had been "terminated," he "bugged out over the situation" and "flipped out." Supporting Aff. at Ex. E, p. 67. He stated that he was upset and was screaming in his cell. *See id*. Plaintiff also referred to the incident report of Officer Price and testified that it was an accurate report of what had

11

occurred.  *See id*. at Ex. E, p. 72.  In this report, which Plaintiff submitted along with his motion, Officer Price stated that, while the CERT officers were retrieving their extraction equipment, Plaintiff "acted very hostile, combative and threw milk onto Sgt. Alessi."  Plaintiff's Motion for Summary Judgment dated October 1, 2006 at attached Incident Report of C.O. Price.  Price further reported that several verbal orders were given to Plaintiff to remove the mattress from the cell bars and that their attempts to remove the mattress using stun devices and PR-24's were ineffective due to the way in which Plaintiff was pushing the mattress against the door.  *See id*.  He reported that he only used the chemical agents after giving Plaintiff several verbal warnings.  *See id*.  In his complaint, Plaintiff admits that, after the CERT was called, he did "everything in [his] power" to not let the guards into his cell.  Compl. at 3.

    Given these facts, which Plaintiff does not dispute, and in the absence of any evidence offered by Plaintiff to support his claim, no reasonable jury could find that the use of pepper spray and a stun shield and a 1.5 centimeter laceration amounted to a sufficiently serious injury to sustain an Eighth Amendment excessive force claim.  Moreover, Plaintiff is unable to establish a *per se* violation because he has failed to set forth any evidence to show that the Defendants acted maliciously in their use of force.  Rather, it is clear that their actions were

necessary to subdue Plaintiff. Review of the videotape of the incident reveals that the CERT officers resorted to the use of a chemical agent only after exhausting their efforts to retrieve the mattress from the cell and warning Plaintiff that if he did not let go of the mattress, they would use the chemical spray. Plaintiff, therefore, has failed to raise a triable issue of fact as to the objective element of his excessive force claim.

Plaintiff also fails to raise a triable issue of fact with respect to the subjective element of his excessive force claim. An examination of the undisputed evidence in light of the factors set forth in *Hudson* supports a finding that the Defendants' actions were taken in "a good-faith effort to maintain or restore discipline" and not done "maliciously and sadistically to cause harm." *Blyden*, 186 F.3d at 262. First, the Defendants have established that Plaintiff refused to comply with orders and made it impossible for the officers to restrain him and, therefore, the use of force was necessary. Second, a one-second spray of a chemical agent and the use of a stun shield cannot be deemed excessive in light of the fact that Plaintiff had repeatedly disobeyed the officers' orders and had used his mattress to prevent the officers from entering his cell. *See Boomer v. Lanigan*, No. 00 Civ. 5540, 2002 WL 31413804, at *5-6 (S.D.N.Y. Oct. 25, 2002)(finding that the use of a one-second spray of a chemical agent was not a violation of inmate's Eighth Amendment

13

rights where inmate repeatedly failed to obey officer's orders and where officer had received authorization to use the chemical spray).  Third, the threat perceived by the Defendants was reasonable given Plaintiff's unruly behavior, the threats he had made to Officer Bush, and the fact that he had thrown milk at Sergeant Alessi and threatened to throw urine soaked toilet paper at Officer Bush.  Finally, it is undisputed by Plaintiff and confirmed by the videotape of the incident that, before using the chemical agent and the stun shield, the Defendants gave several verbal orders to Plaintiff and made several attempts to remove the mattress from the cell without the use of force against Plaintiff.  In the absence of any disputed facts or evidence to support Plaintiff's claim, Plaintiff has failed to raise a triable issue of fact that, as a subjective matter, the Defendants' actions were "characterized by wantonness."  *Id*. at *6.

 Plaintiff has offered no evidence to dispute the facts as set forth by the Defendants.  He, therefore, is unable to show on his motions that he is entitled to judgment as a matter of law and has failed to establish a genuine issue of material fact in response to the Defendants' motion.  Accordingly, I respectfully recommend that your Honor grant summary judgment to the Defendants and dismiss Plaintiff's complaint.

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that your Honor deny the Plaintiff's summary judgment motions, grant the Defendants' summary judgment motion, and dismiss Plaintiff's complaint.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Rule 72(b), Fed. R. Civ .P., the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Rule 6(e), Fed. R. Civ. P., or a total of thirteen (13) working days, (*see* Rule 6(a), Fed. R. Civ. P.), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Stephen C. Robinson, at the United States Courthouse, 300 Quarropas Street, Room 633, White Plains New York, 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Robinson. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), cert. denied 113 S. Ct. 825 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15,16 (2d Cir. 1989) (*per curiam*); *Wesolek v.*

*Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Robinson and should not be made to the undersigned.

Date: February 28, 2007
White Plains, New York

Respectfully submitted,

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing report and recommendation have been sent to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Juan A. Rodriguez a/k/a Eric Fontanez
Number 13230
Dutchess County Jail
150 North Hamilton Street
Poughkeepsie, New York 12602

John P. Meenagh, Jr., Esq.
Kelly & Meenagh
135 North Water Street
Poughkeepsie, New York 12601

16